# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Nancy Geary,
Plaintiff Below, Petitioner

vs.) No. 18-0885 (Marshall County 16-C-159)

WesBanco Bank, Inc., and
U.S. Bank National Association,
Defendants Below, Respondents

FILED

January 13, 2020

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Nancy Geary, by counsel David L. Delk, appeals the Circuit Court of Marshall County's September 4, 2018, two separate orders granting respondents summary judgment on petitioner's breach of contract and negligence claims, which she asserted following a determination that her property was in a flood zone and resultant requirement that she purchase flood insurance. Respondent WesBanco Bank, Inc. ("WesBanco"), by counsel James C. Gardill and Richard N. Beaver, filed a response. Respondent U.S. Bank National Association ("U.S. Bank"), by counsel Jared M. Tully and Alex J. Zurbuch, also filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 20, 2015, petitioner and David E. McLaughlin entered into a "Real Estate Contract of Sale" (the "Contract") for petitioner's purchase of real property owned by Mr. McLaughlin in Benwood, West Virginia (the "subject property"). The Contract provided that the home on the subject property was being "sold as is," that petitioner and Mr. McLaughlin understood the Contract "to be a legally binding contract requiring performance," and that it "contains all of the terms and conditions agreed upon between the parties and there are no outside conditions, representations, warranties or agreements." Notably, there was no contingency related to a determination as to whether the subject property was located in a flood zone.

According to petitioner, Mr. McLaughlin represented to her that the subject property was not located within a flood zone. On April 29, 2014, however—more than one year prior to petitioner's closing on the subject property—the Federal Emergency Management Agency ("FEMA") determined that the subject property was "located in the [Special Flood Hazard Area ("SFHA")]" and that "flood insurance is required for" the subject property.

1

Petitioner proceeded to closing on the subject property on August 24, 2015, with respondent WesBanco. The Deed of Trust petitioner executed contained the following provisions relevant to the instant appeal:

TRANSFER OF RIGHTS IN THE PROPERTY
The beneficiary of this Security Instrument is MERS [Mortgage Electronic Registration Systems, Inc.] (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower hereby irrevocably grants and conveys to Trustee, in trust, with power of sale, the [subject property].

. . . .

Property Insurance. Borrower shall keep the Improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires Insurance. . . . What Lender requires pursuant to the preceding sentences can change during the term of the Loan. . . . Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

. . . .

Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with

the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Petitioner also signed a "Notice of Special Flood Hazards and Availability of Federal Disaster Relief Assistance" ("Notice"), which stated that the subject property was "NOT IN Special Flood Hazard Area (SFHA)" and, therefore, flood insurance was not required. This determination was made on June 25, 2015, by a WesBanco vendor, ServiceLink, which is licensed and federally-approved to make such determinations. The Notice further provided, however, that "[i]f, during the term of this loan, the subject property is identified as being in an SFHA, as designated by FEMA, you may be required to purchase and maintain flood insurance at your expense."

On September 11, 2015, respondent U.S. Bank informed petitioner that it would begin servicing her loan on October 1, 2015. On October 29, 2015, U.S. Bank notified petitioner that, as the new loan servicer, it had performed a flood determination review of the subject property and determined it to be in a SFHA. Based on this determination, U.S. Bank instructed that the subject property "is now subject to the mandatory purchase of flood insurance as a condition of your loan." Petitioner purchased the required flood insurance and filed suit against respondents and Mr. McLaughlin.[1]

Petitioner alleged that "WesBanco conducted a flood hazard determination and negligently determined that the [subject property] was not in a flood zone," and that she purchased the property and entered into the Note based upon this erroneous determination. Petitioner claimed that WesBanco "had a duty to competently complete the paperwork necessary to close the loan and disclose to [her] accurately all costs and expenses associated with the loan," that it breached this duty, and that, as a proximate cause of the alleged breach, she incurred additional fees and expenses.

With respect to U.S. Bank, petitioner asserted that it "breached its agreements" with her "by requiring her to purchase flood insurance" on the subject property. She claimed to have "been damaged by this breach of contract by incurring additional fees and expenses associated with the acquisition and maintenance of" the subject property. Respondents each moved for summary judgment, and the circuit court granted their respective motions.[2] The instant appeal followed.

This Court employs a de novo standard of review to a circuit court's grant of summary judgment. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Summary

---

[1] Shortly after filing her complaint, petitioner dismissed her claims against Mr. McLaughlin. Her claims against him centered on his alleged misrepresentation that the property was not in a flood zone.

[2] Although the cause of action petitioner asserted in her complaint against WesBanco sounded only in negligence, she claimed in response to WesBanco's motion for summary judgment that it breached its contract with her. The circuit court granted summary judgment in WesBanco's favor on the breach of contract claim, to the extent asserted.

judgment "should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *Id.*, syl. pt. 2, in part (citations omitted). Additionally,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id.*, syl. pt. 4.

In petitioner's first assignment of error, she argues that the circuit court improperly granted WesBanco summary judgment on her negligence claim. Petitioner maintains that WesBanco breached its duty to provide her with accurate documents at closing; namely, it "adopted" the Notice, which erroneously stated that the subject property was not located in a SFHA. Petitioner claims that if WesBanco had accurately prepared this document, she would have "walk[ed] away from the closing."

We find no error in the circuit court's conclusion that WesBanco breached no duty owed to petitioner with respect to the flood zone determination.[3] WesBanco did not conduct the flood zone determination. ServiceLink did, and petitioner offered no evidence to establish that WesBanco was negligent in relying on this properly-licensed and federally-approved entity's flood zone determination. Moreover, ServiceLink stated in its determination that

> [t]his flood determination is provided solely for the use and benefit of the entity named in Section 1, Box 1 [WesBanco] in order to comply with the 1994 Reform Act and may not be used or relied upon by any other entity or individual for any purpose, including, but not limited to, deciding whether to purchase a property or determining the value of a property.

Thus, petitioner's reliance on this determination was misplaced. The determination was not made for her benefit; rather, ServiceLink expressly stated that only WesBanco could rely on it.

Furthermore, even if ServiceLink's determination revealed that the subject property was located within a SFHA, petitioner was nonetheless contractually obligated to purchase the subject property. The Contract, which petitioner signed prior to ServiceLink's flood zone determination, plainly provided that the subject property was "sold as is," that it required specific performance, and that it included all of the terms and conditions of the petitioner's agreement with Mr. McLaughlin. Petitioner did not make her purchase contingent upon the result of a flood zone determination. Thus, the later-obtained determination, assuming it had reflected that the subject property was within a SFHA, would not have relieved petitioner of her obligation to purchase the

---

[3] "In order to establish a *prima facie* case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff. No action for negligence will like without a duty broken." Syl. Pt. 1, *Parsley v. Gen. Motors Acceptance Corp.*, 167 W. Va. 866, 280 S.E.2d 703 (1981).

subject property. Accordingly, we find no error in the circuit court's grant of summary judgment to WesBanco on petitioner's negligence claim.

Petitioner also argues that the circuit court erred in granting summary judgment in WesBanco's favor on her breach of contract claim, which was predicated on WesBanco's "forcing [her] to place flood insurance on" the subject property. We begin by noting that petitioner pled no such cause of action. Nonetheless, WesBanco did not require petitioner to purchase flood insurance. U.S. Bank, following its own flood zone determination, required the purchase of flood insurance on the subject property. Accordingly, to the extent any such claim was raised, the court did not err in granting summary judgment in WesBanco's favor on it.[4]

In her final assignment of error, petitioner argues that the circuit court erred in granting summary judgment in U.S. Bank's favor on the breach of contract claim she asserted against it. She argues that when U.S. Bank began servicing her loan, it became "Loan Servicer," not "Lender," under the Deed of Trust. According to petitioner, under that document, only the "Lender" could require flood insurance. As a result, U.S. Bank breached the Deed of Trust by requiring her to purchase flood insurance.

The Deed of Trust contemplates the assignment of the rights and duties arising under that instrument in its provisions recited above relating to the transfer of rights in the property and the sale of the note and change of loan servicer.[5] As part of U.S. Bank's duties as servicer, it conducted a flood zone determination that revealed the subject property to be located within a SFHA. The Deed of Trust further set forth that the insurance requirements "can change during the term of the Loan," and the Notice similarly informed petitioner that "[i]f, during the term of this loan, the subject property is identified as being in an SFHA, as designated by FEMA, you may be required

---

[4] The circuit court also concluded that, had petitioner pled breach of contract, her negligence claim would have been barred by the gist of the action doctrine, which bars recovery in tort when any of the following factors is demonstrated:

> (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

*Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 231 W. Va. 577, 586, 746 S.E.2d 568, 577 (2013) (citations omitted). Petitioner does not assign error to the court's application of this doctrine. Therefore, if she pled breach of contract, her negligence claim fails for this additional reason.

[5] "In West Virginia, the elements of breach of contract are (1) a contract exists between the parties; (2) a defendant failed to comply with a term in the contract; and (3) damage arose from the breach." *Nance v. Huntington W. Va. Hous. Auth.*, No. 16-0855, 2017 WL 2210152, *5 (W. Va. May 19, 2017)(memorandum decision) (citing *Wittenberg v. Wells Fargo Bank, N.A.*, 852 F.Supp.2d 731, 749 (N.D. W. Va. 2012)).

to purchase and maintain flood insurance at your expense." Thus, U.S. Bank's actions were not in contravention of any provision within the Deed of Trust, and we find no error in the court's conclusion that, as servicer and assignee of the rights in the Deed of Trust, U.S. Bank did not breach, but rather enforced, the parties' contract.[6]

      For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[6] Critically, petitioner does not challenge the circuit court's finding that U.S. Bank was required under federal law to notify her of her obligation to purchase flood insurance upon determining that the subject property was located within a flood zone and not covered by flood insurance. *See* 42 U.S.C. § 4012a(e)(1). For this additional reason, she is entitled to no relief.